THOMAS E. FRANKOVICH (State Bar No. 074414)
AMANDA LOCKHART (State Bar No. 289900)
***THE FRANKOVICH GROUP,***
**A Professional Law Corporation**
702 Mangrove Avenue, #304
Chico, CA 95926
Phone (415) 389-8600
Email: tfrankovich@disabilitieslaw.com

Attorneys for Plaintiff JEANETTE BROWN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**JEANETTE BROWN,**

Plaintiff,

v.

**CITY OF WILLITS; JOHN SHERMAN and ADRIANNE MOORE,** both in their individual capacities and as employees of the Defendant City of Willits,

Defendants.

**Case No.**

**Civil Rights**

**COMPLAINT FOR INJUNCITVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Entity in Violation of Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. §12131, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 (The Disabled Persons Act)

**3rd CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**4th CAUSE OF ACTION:** For Retaliation Against Plaintiff for the Assertion of Her Civil Rights *via* Previously-Filed Actions Under 42 U.S.C. §§ 12203(a) and (b)

**DEMAND FOR JURY**

Plaintiff JEANETTE BROWN complains of defendants CITY OF WILLITS, JOHN SHERMAN, and ADRIANNE MOORE and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff JEANETTE BROWN and the disability community are members, for:

> Failure to remove architectural barriers structural in nature at defendant's buildings, elements, and facilities herein, all public entities, or in the alternative, selecting sites or locations in the most integrated settings;
>
> Failure to create and implement a bona fide transition plan or to otherwise remove architectural barriers in a timely manner to comply with the findings and purpose in the creation of the Americans with Disabilities Act of 1990,

thereby discriminatory denying plaintiff and the class of other similarly situated persons with disabilities access to, full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the American with Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq.;* California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code § 19955, *et seq.*

2. Plaintiff JEANETTE BROWN is a person with physical disabilities. On or about May 17, 2017, (and deterred thereafter), Plaintiff was an invitee, guest, patron at Defendants' governmental buildings, including the Willits Police Station, located at or about 125 East Commercial Street in Willits, California; on or about July 31, 2017, Plaintiff was an invitee, guest, patron at Defendants' governmental buildings, including Willits City Hall, located at or about 111 E. Commercial

Street in Willits, California. During the relevant statutory times, Plaintiff JEANETTE BROWN also visited the Library, Firehouse, and public parks. At said times and places, Defendant CITY OF WILLITS failed to provide integrated settings appropriate for plaintiff JEANETTE BROWN and other disabled persons to fully participate in the services, programs, activities, and opportunities, including but not limited to: Ability to utilize the police station to file police reports and obtain information and the ability to secure information and documents available at Willits City Hall because defendant CITY OF WILLITS did not have 2010 ADAAG/ADAS Standards compliant parking, entrances, meeting rooms, service counters, men's and women's restrooms, and/or accessible routes from the public sidewalks to the accessible entrances. The failure to select an integrated site or location or alternative equivalent program or facilitation was in violation of both federal and California legal requirements, and plaintiff JEANETTE BROWN suffered violation of her civil rights to fully participate in the services, programs, activities of the defendant CITY OF WILLITS, i.e., participate as an active citizen in carrying out her civic duties and rights at the City Hall and by participating in and receiving the benefits, services, and protections at the police station, including reporting needs, and at parks, the Library, and the Firehouse.

**JURISDICTION AND VENUE:**

3. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violation of the America with Disabilities Act of 1990, 42 U.S.C. §12131, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*,

including §19959; and California Building Code.

4. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located within the city limits of the City of Willits, County of Mendocino, State of California, and that plaintiff's causes of action arose in this county.

5. **Governmental Tort Claims Statue:** Although not required under federal law allegations, plaintiff JEANETTE BROWN timely filed governmental tort claims with the City of Willits in the County of Mendocino, which claims were rejected.

**PARTIES:**

6. Plaintiff JEANETTE BROWN is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff JEANETTE BROWN is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff JEANETTE BROWN suffers from kidney disease which has caused nerve damage in both feet and affects both lower extremities (i.e., both feet are severely numb with very little sensitivity, leg bones are very "brittle" and easily breakable). Plaintiff JEANETTE BROWN relies primarily on a wheelchair to travel about in public. Consequently, plaintiff JEANETTE BROWN is a member of that portion of the public whose rights are protected by the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12131, *et seq.*

7. Defendant CITY OF WILLITS is a public entity.

8. Defendant JOHN SHERMAN is a building official employed by the City of Willits. At all times relevant herein, Defendant JOHN SHERMAN acted either within the scope of his duties and responsibilities to the City of Willits or acted outside of the scope of his duties and responsibilities.

9. Defendant ADRIANNE MOORE is a building official employed by the City of Willits. At all times relevant herein, Defendant ADRIANNE MOORE acted either within the scope of her duties and responsibilities to the City of Willits or acted outside of the scope of her duties and responsibilities.

10. **DEFINITIONS:**

a) **ADAAG:** The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

b) **ADAS/2010 ADAS:** The 2010 Americans with Disabilities Act Standards.

c) **ARCHITECTURAL BARRIERS:** Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered. They can include but are not limited to the following examples: parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the

*"ADA Guide for Small Businesses"* with an interlineations modification. http://www.ada.gov/smbustxt.htm (The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

d) **ELEMENTS:** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

e) **CATEGORICAL ARCHITECTURAL BARRIERS:** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncompliant or where the combination thereof creates a category. For example: such as a parking lot, entrance, restroom, lobby, guest room, dining area.

f) **PHYSICAL FEATURES:** Are synonymous with "Elements."

g) **FACILITY:** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

h) **ENTRANCE**: Any access point to a building or portion of a building or facility used for the purpose of entering. An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

i) **CLEAR FLOOR SPACE:** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

j) **ACCESSIBLE ROUTE:** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

k) **PATH OF TRAVEL:** A continuous path connecting all elements and spaces of a building or facility.

l) **NON COMPLYING:** Not complying with 2010 ADAAG and/or the "Readily Achievable Standard" of 28 CFR §36.304

**PRELIMINARY FACTUAL ALLEGATIONS:**

11. The CITY OF WILLITS is a governmental entity, which owns, operates, and maintains buildings, facilities, elements, parks, recreation, police and library facilities, a firehouse, and City Hall and elements thereof, and offers programs, activities, and services to the public. Defendant CITY OF WILLITS has/had an obligation under the Americans with Disabilities Act to create a transition plan for the removal of architectural barriers as a benefit to the public and/or to provide alternative sites or programs.

12. The defendant's governmental buildings, elements, and facilities, i.e., parks, recreation, police and library facilities, firehouse, and City Hall and various public parking sites are each a "place of public gathering" and/or governmental entity, facility/site located within the city limits of Willits, California, as stated herein. The parks, recreation, police and library facilities, firehouse, and City Hall and various public parking sites, and their signage, parking, entrance, meeting rooms and elements thereof, men's restrooms and women's restrooms, and other facilities are each "elements of the facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief,

each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the parks, recreation, police and library facilities, firehouse, and City Hall and various public parking sites and each of these facilities, their signage, parking, entrance, meeting rooms and elements thereof, park and recreations sites, men's restrooms and women's restrooms at each site to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG"), the 2010 Americans with Disabilities Act Standards, and the California Building Code.

13. Defendant CITY OF WILLITS is a "public entity" pursuant to 42 U.S.C. § 12115 and is the owner of all of the real property (land, buildings, parks, and recreations areas that are designated "public") within the city limits of WILLITS, California.

14. At all times stated herein, defendant CITY OF WILLITS was also subject to Title II of the Americans with Disabilities Act of 1990 ("ADA") to have in place policies and procedures to ensure access and to remove architectural barriers if alternative elements/facilities/sites/locations/programs were not available to ensure the disabled can fully participate in the services, activities, programs and opportunities of defendant CITY OF WILLITS as afforded to able-bodied persons.

15. Defendant CITY OF WILLITS is the owner and operator, lessor and/or lessee, or agents of the owners, lessors and/or lessees, of the public entities/governmental entities know as parks, recreation, police and library facilities, firehouse, and City Hall and various public parking sites, located within the city limits of Willits, California.

16. At all times relevant to this complaint, defendant CITY OF WILLITS owns and operates in joint venture the subject parks, recreation, police and library facilities, firehouse, and City Hall and various public parking sites as public/governmental entities. These governmental buildings, parks, services, and

recreational facilities are open to the general public where governmental activities, permitted private activities, programs, services are provided and/or take place. As such, defendant CITY OF WILLITS is subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.* and the ADA, 42 U.S.C. §12131, *et seq.*, if these sites/locations do not provide the most integrated setting available to persons with disabilities.

17. At all times stated herein, defendant CITY OF WILLITS, with the knowledge that it had a continuing obligation pursuant to the Americans with Disabilities Act of 1990 to identity and remove architectural barriers so that the persons with disabilities, such as plaintiff JEANETTE BROWN herself, could fully participate in defendant CITY OF WILLITS' programs, activities and services or in the alternative, ensure that programs, activities and services were provided in accessible buildings, parks and recreational areas. Defendant CITY OF WILLITS failed to adopt a transition plan to ensure that persons with disabilities may fully participate in its programs, activities and services and to provide better and/or compliant access to the subject accommodation and failed to timely adopt and publish a grievance procedure to address architectural barrier issues. There is/was no grievance procedure for the citizens/people to complain of architectural barriers or failures to provide service sand opportunities at alternative sites.

18. At all times referred to herein and continuing to the present time, defendant advertised, publicized and held out the parks, recreation, police and library facilities, firehouse, and City Hall and various public parking sites as being handicapped accessible and handicapped usable.

19. On or about May 17, 2017, and July 31, 2017, plaintiff JEANETTE BROWN was an invitee and guest at the subject public buildings, facilities, elements, for the purposes of performing her civic responsibilities as an involved resident of the City of Willits and to have the opportunity to communicate with law enforcement, building officials, the City Manager, and other governmental

departments and to avail herself of the full use and opportunities at said facilities. For instance, Plaintiff intended to make police reports and discuss architectural barriers and removal thereof with building officials. These are both services and activities of the City of Willits, as the police reporting process is an activity of both the reporting party and the police department.

**POLICE STATION**

20. On or about May 17, 2017, and July 31, 2017, plaintiff JEANETTE BROWN was an invitee and guest at the subject city of Willits Police Station and City Hall for the purposes of filing a police report and obtaining an ADA Transition Plaint, respectively.

21. On or about May 17, 2017, plaintiff JEANETTE BROWN encountered the following architectural barriers at the Willits Police Station:

a) There was no compliant parking or signage and, as a legal result, Plaintiff JEANETTE BROWN feared that if she drove her van to the police station she might put herself at risk of physical harm as she would be compelled to wheel behind parked vehicles. (Note: This inaccessible condition also applies to City Hall.)

b) There was no accessible path of travel to the entrance of the Police Station, either from the public sidewalks or from the parking lot. As a legal result, Plaintiff JEANETTE BROWN had difficulty wheeling on the uneven asphalt surface and was fearful that she might be struck by a vehicle (as she was compelled to travel in the vehicular path) or that she might fall in her wheelchair.

c) The entrance to the Police Station was inaccessible because the automatic doors were not kept in proper, working condition and, as a legal result, Plaintiff JEANETTE BROWN was unable to

independently open the door to leave; Plaintiff had to wait for someone to assist her by opening the door.

d) The service counter at the Police Station was inaccessible as it was too high and, as a legal result, Plaintiff JEANETTE BROWN had a difficult time making her police report.

22. Moreover, on or about the years 2015 through the present, Plaintiff JEANETTE BROWN complained to the Police Department that vehicles were illegally parked in the disabled parking stalls at various public accommodations and requested that said vehicles be ticketed and towed, but the Police Department did not take action.

23. On or about June 26, 2017, Plaintiff JEANETTE BROWN wrote to City of Willits Police Chief Scott Wannock:

Jeanette Brown
13 Alder Court
Willits, CA 95490

7016 0750 0000 6409 5439

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
WILLITS, CA 95490
Certified Mail Fee $3.35
Extra Services & Fees (check box, add fee as appropriate)
Return Receipt (hardcopy) $ $0.00
Return Receipt (electronic) $ $0.00
Certified Mail Restricted Delivery $ $0.00
Adult Signature Required $ $0.00
Adult Signature Restricted Delivery $
Postage $0.49
Total Postage and Fees $3.84
Postmark Here
06/26/2017
Sent To Scott Warnock Chief of Police
Street and Apt. No., or PO Box No. 125 E. Commercial
City, State, ZIP+4® Willits CA 95490
PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

June 26, 2017

Via Certified Mail

Scott Warnock
Chief of Police for the City Of Willits
125 E. Commercial Street
Willits, Ca 95490

Dear Chief of Police Warnock:

I am a senior citizen who uses a wheelchair to get around. I came to the police department on May 17, 2017 at approximately 9:45 am to file a report about harassing phone calls I have been receiving in the middle of the night. I was very disappointed to find that when I arrived in the rear of the building that the disabled parking was not located by the doors. The parking by the doors I was told was for employees. After I filed my report and was leaving the building the automatic door opener was not in working order. After pushing the automatic door opener about six times a female employee of the police department came to open the door for me. When I entered the building the bus driver opened the door for me. If the door opener did work exiting the building it probably didn't work entering the building. Also, when I am out I find so much of the time cars parked in the handicap parking access aisles, parked in front of curb cuts that are for wheelchairs to access the sidewalk and even park in handicap parking spaces without the disabled placard. Who is responsible for enforcing the parking laws? I just wanted to let you that the disabled community, especially disable seniors, have a hard enough time. The few things I just mentioned make every day life even harder when you are disabled and elderly. Please address these problems and do something.

Sincerely,

Jeanette L. Brown

Jeanette Brown

24. Plaintiff JEANETTE BROWN did not receive a response; neither was

the letter returned to her by the U.S. Postal Service.

25. On or about July 31, 2017, Plaintiff JEANETTE BROWN encountered the following architectural barriers at the Willits City Hall:

a) The service counter at City Hall was inaccessible as it was too high and, as a legal result, Plaintiff JEANETTE BROWN had a difficult time conducting her business and, as a legal result, had the following adverse experiences: Plaintiff JEANETTE BROWN experienced one or a combination of difficulty, discomfort, and embarrassment.

b) The women's restroom at City Hall was inaccessible as the stalls were too small and the elements within were not complaint and, as a legal result, Plaintiff JEANETTE BROWN was unable to use the restroom, causing her discomfort and anxiety until she returned home. Plaintiff JEANETTE BROWN is informed, and on that basis believes, that the men's restroom was also inaccessible and she did not attempt to use it for that reason.

26. On or about July 31, 2017, Plaintiff JEANETTE BROWN requested a copy of the Transition Plaintiff during her visit to City Hall. She was told that no transition plan existed. Then, plaintiff JEANETTE BROWN heard an employee announce her presence at City Hall over the public address system. Shortly thereafter, City of Willis employees Defendants JOHN SHERMAN and ADRIANNE MOORE approached and confronted plaintiff JEANETTE BROWN. Plaintiff JEANETTE BROWN informed them that she was there to obtain a copy of the City's transition plan. Defendants JOHN SHERMAN and ADRIANNE MOORE escorted plaintiff JEANETTE BROWN into a nearby conference/meeting room and began an interrogation that lasted approximately one hour. In substance, what was discussed: Defendants JOHN SHERMAN and ADRIANNE MOORE said that there was no transition plan at that time and both

were in complete agreement of this. Defendants JOHN SHERMAN and ADRIANNE MOORE also told plaintiff JEANETTE BROWN that work to make the parking lot accessible was being done and the entrance to the Police Station was fixed. Also discussed were the topics of plaintiff JEANETTE BROWN's activism and her filing of ADA lawsuits and the effects of these cases. Defendants JOHN SHERMAN and ADRIANNE MOORE told plaintiff JEANETTE BROWN that the lawsuits she was bringing were adversely affecting the business community and that businesses were closing as a result of the suits and the remaining businesses were now fearful of being sued. Defendants JOHN SHERMAN and ADRIANNE MOORE further warned plaintiff JEANETTE BROWN that now was not the time to be filing lawsuits as the suits were not good for the City of Willits. Defendant JOHN SHERMAN also told Plaintiff that he had been in a wheelchair and had never experienced any problems throughout the City of Willits and therefore defendant JOHN SHERMAN could not understand Plaintiff's complaints regarding architectural barriers. Plaintiff JEANWETTE BROWN reminded Defendants JOHN SHERMAN and ADRIANNE MOORE that, in light of the current Freeway Transition Project, now was a good time to fix things and to make the City of Willits wheelchair friendly as travelers and/or tourists will come through the City of Willits.

27. At all times relevant herein, Defendants JOHN SHERMAN and ADRIANNE MOORE were aware that Plaintiff JEANETTE BROWN was represented by counsel and knew who Plaintiff JEANETTE BROWN's counsel is/was. Nevertheless, Defendants JOHN SHERMAN and ADRIANNE MOORE proceeded with their interrogation

28. When Defendants JOHN SHERMAN and ADRIANNE MOORE took Plaintiff JEANETTE BROWN into a closed-door conference room and interrogated her and made statements designed to dissuade her from her civil rights activities, including the filing of civil rights lawsuits, they committed acts of

retaliation against her. Per 42 Unites States Code sections 12203(a) and (b):

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
> 42 U.S.C. §12203(a)
>
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.
> 42 U.S.C. §12203(b)

29. On or about the month of February 2018 and thereafter, Plaintiff would have returned to Willits City Hall but was deterred from returning for the fear that once she returned, she would encounter all of the same architectural barriers as on her previous visits and that not even the easiest barriers, i.e. the partitions in the restrooms, would have been removed. Therefore, Plaintiff was deterred by the knowledge and belief that it would be as difficult as ever to enjoy the goods, service, and opportunities afforded by this public accommodation.

30. At said times and places herein, Plaintiff JEANETTE BROWN needed to use a restroom. The gender specification of the restroom at issue was irrelevant, so long as it was accessible.

31. At all times stated herein, defendant CITY OF WILLITS failed to provide or take alterative measures to provide accessible elements, buildings, facilities, services, benefits and/or programs.

32. At all times and activities of plaintiff JEANETTE BROWN, in attempting to fully participate in the programs, activities and services of the City of Willits as stated herein, defendants' failure to provide accessible routes of travel

and parking for the disabled at City Hall, the Police Station, and the Firehouse and parking lots, city parking places, adversely affected plaintiff. Plaintiff JEANETTE BROWN in encountering inaccessible facilities/elements thereof resulted not only in difficulty, embarrassment and discomfort but also excluded plaintiff JEANETTE BROWN from participation in and/or denied him the benefits of services, programs or the activities of the City of Willits at said places stated herein.

33. At all times and acts of plaintiff JEANETTE BROWN as stated herein, defendant CITY OF WILLITS in providing services, activities and programs at the buildings, facilities and elements as stated herein, which had the architectural barriers complained of and not selecting an alternative accessible site or location or removing the architectural barriers existing at said public places had the effect excluding and denying plaintiff JEANETTE BROWN benefits afforded to able-bodied persons thereby discriminating against plaintiff.

34. At no time prior to may 17, 2017, did defendant CITY OF WILLITS, once having fifty (50) or more employees, conduct a self-evaluation nor did defendant CITY OF WILLITS upon completion of a self-evaluation, maintain or make available for the public including plaintiff JEANETTE BROWN, a list of persons consulted, areas examined, problems identified and/or any description of modifications made at facilities of the City of Willits, all to the detriment of plaintiff JEANETTE BROWN.

35. Specific architectural barriers encountered by plaintiff JEANETTE BROWN at times and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiff as stated herein, the barriers include but are not limited to:

a) Lack of directional signage to show accessible routs of travel, i.e. entrances at the Police Station, Firehouse, and Willits City Hall;

b) Lack of the requisite type and number of disabled parking stalls

at the Police Station, Firehouse, and Willits City Hall;

c) Lack of disabled van accessible parking stalls at the Police Station, Firehouse, and Willits City Hall;

d) Lack of proper disabled parking signage at the Police Station, Firehouse, and Willits City Hall;

e) Lack of tow-away signage at the Police Station, Firehouse, and Willits City Hall;

f) Lack of handicapped accessible service counters at the Police Station, Firehouse, and Willits City Hall;

g) Lack of a handicapped accessible women's and men's public restroom at the Police Station, Firehouse, and Willits City Hall;

h) Lack of an accessible route from public sidewalks to the Police Station, Firehouse, and Willits City Hall;

i) Lack of alternative sites for services and opportunities at the Police Station, Firehouse, and Willits City Hall, as well as parks and the library;

j) Lack of signage, policies, procedures and guidelines to ensure the person with disabilities to the maximum extent possible have an opportunity to share in the same goods, services, and opportunities as those afforded to non-disabled persons;

k) Lack of policies and practices to afford all persons with disabilities the opportunities and services provided at governmental facilities that have architectural barriers;

l) Lack of enforcement of violation of disabled parking when complained of by those adversely affected;

m) On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff and for use by other similarly situated persons with

physical disabilities;

n) On information and belief, lack of accessible library and city parks.

o) **TRANSITION PLAN:**

(i) Defendant CITY OF WILLITS failed to timely adopt and implement a transition plan on or about January 26, 1992, and to capitalize/fund it. In essence, the city transition plan and budget for it is designed for failure, to wit:

(ii) Failure to remove architectural barriers structural in nature at Defendant's buildings, elements, facilities, parks, and recreational sites (all public entities), or in the alternative, to select a site or location of a facility in the most integrated setting;

(iii) Failure to create and implement a bona fide transition plan or otherwise remove architectural barriers in a timely manner to comply with the findings and purpose in the creation of the American with Disabilities Act of 1990;

(iv) to fund the removal of architectural barriers in what the City of WILLITS alleges to be its transition plan

(v) to financially capitalize by providing money to complete the removal of architectural barriers in what the City of WILLITS alleges is its transition plan,

(vi) failure in the removal of architectural barriers in the city's transition to comply with ADAAG/ADA Standards;

(vii) failure where architectural barriers exist in a governmental facility/ element building;

(viii) failure to have a policy for selecting an alternative site or location in the most integrated setting when a program, service, or opportunity is being offered by the city in a facility/element that has architectural barriers;

(ix) failure of the city to provide cost estimates for the removal of architectural barriers based upon accepted cost estimating standards to properly create a transition plan,

(x) failure to allocate state and federal fund for the removal of architectural barriers

(xi) failure to have removed architectural barriers where it was a condition precedent to obtaining federal and/or state funds

thereby discriminatorily denying plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from the services, programs, and activities of the City of Willits. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12131, *et seq.*; and California Civil Code §§51, 51.5 and 54, *et seq.*

36. Plaintiff JEANETTE BROWN at all times stated herein was a resident of the City of Willits and sought to participate in some or all of the programs, benefits, services, activities and programs of the City of Willits.

37. At all times stated herein plaintiff JEANETTE BROWN, in attempting to engage in the programs, benefits, services, activities, programs, must encounter

elements and facilities (i.e. sidewalks, restrooms, parking lots, assembly areas, parks, libraries) to do so.

38. Defendant CITY OF WILLITS failed to timely adopt a transition plan by January 26, 1993. Defendant CITY OF WILLITS' employees, Defendants JOHN SHERMAN and ADRIANNE MOORE are in complete agreement that no transition plan exists. By failing to do so, defendant CITY OF WILLITS has deprived its citizens, the public, and the disabled community opportunities, services, programs, activities offered by the CITY OF WILLITS. No retroactive barrier removal was taken into account to bring Defendant CITY OF WILLITS "up to date," depriving plaintiff JEANETTE BROWN of her civil rights to "full opportunity(s)".

39. Defendant CITY OF WILLITS' failure to fund, capitalize or provide money, or otherwise under capitalize removal of architectural barriers projects is found in each of its budget starting in the fiscal year 1992/1993 through present date.

40. At all times stated herein and as a legal result of defendant CITY OF WILLITS' failure to adopt, implement and monetarily capitalize a legally acceptable transition plan, plaintiff JEANETTE BROWN has been prevented from fully experiencing her rights to the full opportunity to participate in the benefits, activities, services, goods, programs, offered by the CITY OF WILLITS and to utilize such common elements/facility as sidewalks, entrances, restrooms, parking lots.

41. Therefore, as a legal result of encountering each of said elements, plaintiff experienced one, all, or a combination of the following adverse experiences: stress, strain, difficulty, discomfort, anxiety, disappointment, and embarrassment. All affected plaintiff JEANETTE BROWN's ability to fully participate in and benefit from activities, programs, and services of the City of

Willits.

42. At all times as stated herein, plaintiff JEANETTE BROWN encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of her disability.

43. At all times stated herein, it was not an "undue burden" for defendant CITY OF WILLITS to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendant CITY OF WILLITS should have initiated a transition plan to meet its affirmative duty to identify and remove architectural barriers and barriers to programs, activities and services or, in the alternative, select other accessible sites or locations.

44. At all times and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG/2010 Standard's minimum requirements constituted an architectural barrier nor were alternative sites provided which precluded plaintiff JEANETTE BROWN from full and equal opportunities afforded to non-disabled persons to the goods, services, programs and activities at the public sites herein.

45. At said times and place, when plaintiff JEANETTE BROWN encountered the architectural barriers as stated herein, plaintiff JEANETTE BROWN in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of: physical difficulty, discomfort, embarrassment, stress, strain bodily injury, fatigue, anger, annoyance and disappointment. This arose from plaintiff's physical inability to effectively or easily overcome the architectural barriers as stated herein. This constitutes a denial of full and equal access to the opportunities and activities at park and recreation areas, the Police Station, Firehouse, and Willits City Hall and library, and all sites herein, and a denial of the opportunity to independently enjoy and participate in the opportunities, goods, services, programs, activities and services offered to non-

disabled persons and patrons, invitees and guests in the City of Willits.

46. Said architectural barrier(s) and failure to provide alternative sites or locations, and/or alternative accommodations as stated herein deprived and deterred plaintiff JEANETTE BROWN the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service, opportunities, programs, services and activities offered by defendant CITY OF WILLITS at the subject public sites stated herein.

47. At all times stated herein, the existence of architectural barriers and lack of providing alternative sites, locations, or programs, evidenced "actual notice" of defendant's intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

48. As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff JEANETTE BROWN suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

49. Further, plaintiff JEANETTE BROWN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to her damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and being denied the full opportunity to participate in a fully integrated setting in the services, programs, and activities of the City of Willits and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for

damages.

50. Defendant CITY OF WILLITS' failure to remove the architectural barriers complained of herein when an alternative site, program, or location was not selected/provided/created, at the time of plaintiff JEANETTE BROWN's first visit to the Police Station, Firehouse, and Willits City Hall and/or all of the public sites stated herein, each of which are public programs, and continues to create unremitting and repeated exposure to substantially the same general harmful conditions including, but not limited to denial of the full participation of activities, services and programs of the CITY OF WILLITS, which caused plaintiff JEANETTE BROWN harm as stated herein.

51. Plaintiff JEANETTE BROWN was denied her rights to equal access to public facilities by defendant CITY OF WILLITS, because defendant CITY OF WILLITS, in failing to select accessible sites or locations maintained places of public gathering without appropriate access for persons with physical disabilities to its facilities, including but not limited to the signage, parking, entrances, service counters, men's restrooms and women's restrooms, and all elements thereof, at the Police Station, Firehouse, and Willits City Hall and in city parks and recreation areas, and accessible routes, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities the ability to fully participate in the services activities and programs of the CITY OF WILLITS.

52. Construction alterations, if any, carried out by defendant CITY OF WILLITS, have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

53. Defendant CITY OF WILLITS may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG/2010 Standards and California Building Code.

54. Because of defendant CITY OF WILLITS' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990/2010 Standards, Civil Code §51, Civil Code §54.1 and other accessibility laws as pled herein when defendant did not select/provide for an alternative site, location, or program to participate in CITY OF WILLITS activities.

55. Plaintiff, as described herein, seeks injunctive relief to require defendant CITY OF WILLITS to adopt a realistic and compliant transition plan and to carry out the requirements therein.

56. At all times stated herein, defendant CITY OF WILLITS cannot/could not demonstrate that selecting an alternative site or location or removing the architectural barriers stated herein would be an undue financial burden or that making such a site modification would fundamentally alter the nature of the service, program or activity of the CITY OF WILLITS, which is the subject of this litigation.

57. That all times stated herein defendant CITY OF WILLITS was not put into effect was not compliant with the Spirit and Letter of the Law of Title II of the ADA regarding either barrier removal or the adoption of a transition plan.

58. Plaintiff JEANETTE BROWN seeks damages for violation of her civil rights on all dates within the statute of limitations which may include, but are not limited to May 17, 2017, and July 31, 2017, and **deterrence occasion(s)** and seeks statutory damages of not less than $1,000 per incident or act of deterrence, based upon all applicable statues and codes as plead. The acts and omissions of defendants, and each of them, in failing to provide the required accessible public facilities or alternatives at the time of plaintiff's visits and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights

and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other public entities and agencies and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§51, 51.5 and 54.

59. At all times stated herein defendant CITY OF WILLITS' failure to select an accessible site or location for the activities, programs, services or amenities described herein, or to remove architectural barriers there from, served to exclude plaintiff JEANETTE BROWN from participation in and denied the benefits of services, programs or activities.

60. Plaintiff is informed and believes and therefore alleges that defendant CITY OF WILLITS caused the subject buildings, parks, elements, and facilities pled herein to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said locations and were denied full and equal use of said public facilities. Resulting in Plaintiff JEANETTE BROWN being denied the full opportunity to participate in the services, programs and benefits afforded while attending and participating in the described activities and services.

61. Defendant CITY OF WILLITS' actual and constructive notice that the physical configuration of the facilities including, but not limited to, the buildings, parks, elements, and facilities pled herein were in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to federal law compelling defendant CITY OF WILLITS to adopt a transition plan, coming into contact with other governmental entities since January 26, 1991, communications with invitees and guests, plaintiff JEANETTE BROWN herself, a governmental tort claim, possibly sponsors of conferences, the federal government

and other government entities, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendant CITY OF WILLITS' failure, under state and federal law, to make its buildings, parks, elements, facilities, and services accessible or provide an alternative accessible site or location is further evidence of defendant CITY OF WILLITS' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities or selecting accessible alternative sites or locations, defendant CITY OF WILLITS knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access, and full and equal opportunity for civic participation for plaintiff and other persons with physical disabilities to its buildings, parks, elements, and facilities and the activities, services, programs and opportunities offered/provided thereby by defendant CITY OF WILLITS. Said defendant, has continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.

**I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12131, *et seq.*)** (On behalf of Plaintiff JEANETTE BROWN and Against Defendants CITY OF WILLITS, JOHN SHERMAN, and ADRIANNE MOORE, inclusive.)

62. Plaintiff repleads and incorporates by reference, as if fully set forth

again herein, the allegations contained in paragraphs 1 through 61 of this complaint.

63. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

64. At all times relevant herein, Defendant CITY OF WILLITS was a "public entit[y]" within the meaning of Title II of the ADA.

65. At all times relevant herein, the buildings, parks, elements, and facilities and events, programs and services offered by and/or held within are programs, services and/or activities Defendant CITY OF WILLITS offers to the general public.

66. On information and belief, construction work on, and modifications of, the subject buildings, parks, elements, and facilities and events, programs and services herein occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title II of the ADA

67. Defendant CITY OF WILLITS' acts and omissions as herein alleged have rendered the Police Station, City Hall, the Firehouse, the Library, and other public places, and elements, and facilities and events, programs and services thereof unusable to Plaintiff, in violation of Title II and its implementing regulations. Defendant CITY OF WILLITS' discriminatory conduct includes, inter alia:

a) Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public at the buildings, parks, elements, and facilities and events, programs and services herein, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

b) Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to

members of the public at the buildings, parks, elements, and facilities and events, programs and services that is not equal to that afforded non-disabled persons (28 C.F.R. § 35.130(b)(1)(ii));

c) Providing Plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others at the buildings, parks, elements, and facilities and events, programs and services (28 C.F.R. § 35.130(b)(1)(iii));

d) Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public at the buildings, parks, elements, and facilities and events, programs and services (28 C.F.R. § 35.130(b)(1)(vii));

e) Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and

f) Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

68. Defendant CITY OF WILLITS' duties under Title II are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

69. The removal of the barriers complained of by plaintiff as hereinabove alleged at all times after January 26, 1992 or to provide alternative sites, elements/facilities for its programs, activities, services and opportunities was available to defendant CITY OF WILLITS. On information and belief, if the removal of all the architectural barriers complained of herein together did not create an undue burden for defendant CITY OF WILLITS. On information and belief, defendant CITY OF WILLITS' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

70. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the

Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.*** (On Behalf of Plaintiff JEANETTE BROWN, and Against Defendants CITY OF WILLITS, JOHN SHERMAN, and ADRIANNE MOORE, inclusive.)

71. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 70 of this complaint.

72. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public

> accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

73. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

74. Plaintiff JEANETTE BROWN is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by defendants, CITY OF WILLITS, JOHN SHERMAN, and ADRIANNE MOORE, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendant knowingly and willfully failed and refused to remove or in the alternative to select an accessible site or location constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continues to be denied full and equal access to defendant's buildings, parks, elements, and facilities and events, programs and services. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the buildings, parks, elements, and facilities and events, programs and services because of his knowledge and belief that the subject building is inaccessible to persons with disabilities.

California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense

> for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

75. On or about May 17, 2017, and July 31, 2017, and **("deterred thereafter")** plaintiff JEANETTE BROWN suffered violations of Civil Code §§54 and 54.1 in that plaintiff JEANETTE BROWN was denied access to signage, parking, entrance, meeting room and elements thereof, men's restroom and women's restroom and other public facilities as stated herein at the buildings, parks, elements, and facilities and events, programs and services herein, which in turn, interfered with plaintiff JEANETTE BROWN's ability to fully participate in the services, programs, activities, benefits and opportunities of defendant CITY OF WILLITS on the basis that plaintiff JEANETTE BROWN was a person with physical disabilities.

76. As a result of the denial of equal access to defendant CITY OF WILLITS' facilities due to the acts and omissions of defendant, in owning, operating and maintaining these subject public facilities and not selecting alternative site or locations, plaintiff JEANETTE BROWN suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

77. Further, plaintiff JEANETTE BROWN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within

the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers or being denied participation and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

78. Plaintiff has been damaged by defendants' wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about May 17, 2017, and July 31, 2017, and **("deterred thereafter"),** and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 Civil Code according to proof.

79. As a result of defendants', and each of their, acts and omissions in this regard, as well as interference, intimidation, and coercion by defendants JOHN SHERMAN and ADRIANNE MOORE, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

80. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendant CITY OF WILLITS to make its facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

**III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO**

**FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)** (On Behalf of Plaintiff JEANETTE BROWN and Against Defendants CITY OF WILLITS, JOHN SHERMAN, and ADRIANNE MOORE, inclusive)

81. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 80 of this complaint.

82. Defendant CITY OF WILLITS' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the

> Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendant, as reasonable and prudent governmental entity, in acting or failing to act to identify and remove barriers or to provide alternative sites, facilities/elements to provide full opportunity to participate in defendant CITY OF WILLITS' services, activities, programs and opportunities can be construed as a "negligent per se" act of defendants.

83. The acts and omissions of defendants CITY OF WILLITS, JOHN SHERMAN, and ADRIANNE MOORE, stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

84. Defendants' acts and omissions as specified herein have denied to the plaintiff full and equal accommodations, opportunities, advantages, facilities, privileges, benefits, programs, activities, and services of this governmental entity, on the basis of physical disability, as well as defendants JOHN SHERMAN and ADRIANNE MOORE's interference with plaintiff JEANETTE BROWN's civil rights activities to seek redress for defendant CITY OF WILLITS' violation of the ADA, was in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of the above cause of action for violation of the Americans with Disabilities Act at ¶62, *et seq.,* as if re-pled herein.

85. As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendant CITY OF WILLITS, in owing, operating, maintaining these subject public facilities, as well as defendants JOHN SHERMAN and ADRIANNE MOORE's interference with plaintiff JEANETTE BROWN's civil rights activities to seek redress for defendant CITY OF WILLITS' violation of the ADA, plaintiff JEANETTE BROWN suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

86. Further, plaintiff JEANETTE BROWN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied the opportunity to fully participate in the services, activities, programs, and benefits of the City of WILLITS, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental

and emotional distress over and above that is usually associated with the encountering of architectural barriers and being denied the full opportunity to participate in programs, events, services or activities offered at buildings, parks, elements, and facilities herein which legally resulted in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

87. Plaintiff JEANETTE BROWN is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**IV. FOURTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF 42 UNITED STATES CODE §§ 12203(a)&(b)** (On Behalf of Plaintiff JEANETTE BROWN, and Against Defendants CITY OF WILLITS, JOHN SHERMAN, and ADRIANNE MOORE, inclusive)

88. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 87 of this complaint.

89. Section 12203 *et seq.* of the United States Code provides:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other

> individual in the exercise or enjoyment of, any right granted or protected by this chapter.

90. At all times herein, defendants JOHN SHERMAN and ADRIANNE MOORE were acting both in their capacities as employees/representatives of the defendant CITY OF WILLITS as well as in their capacities as individuals.

91. At all times herein, defendants JOHN SHERMAN and ADRIANNE MOORE acted in a manner that was intended to coerce, intimidate, threaten, or interfere with plaintiff JEANETTE BROWN's civil rights activities. These actions included, but were not limited to, prolonged detention for the purposes of coercion, intimidation, threatening, or interfering with Plaintiff JEANETTE BROWN's (then) current or future lawsuits against businesses in and around the City of Willits or directly against the City. Defendants JOHN SHERMAN and ADRIANNE MOORE's only impetus for their detention and interrogation of Plaintiff JEANETTE BROWN was to coerce, intimidate, and/or threaten Plaintiff JEANETTE BROWN to forego her civil rights activities.

92. Per subsection (c) of 42 United States Code section 12203, Plaintiff JEANETTE BROWN is entitled to the rights and remedies available under sections 12117, 12133, and 12188, which include injunctive relief as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER**

WHEREFORE, Plaintiff respectfully request that this Court:

1. Issue an injunction:

a) Ordering Defendant CITY OF WILLITS to alter the public facilities at the buildings, parks, elements, and facilities and events, programs and services herein: City Hall, the Police Station, the Library, the Firehouse, and public parks to bring them into compliance with applicable federal and state accessibility standards and make them fully and equally available to individuals with mobility disabilities; and

b) Ordering Defendant CITY OF WILLITS to modify its policies and practices to ensure their compliance with both the new construction/alteration and program access requirements of the ADA.

c) Ordering Defendant CITY OF WILLITS' Police Department to carry out its duties to enforce disabled parking regulations, statutes, codes, et al.

d) Ordering Defendants JOHN SHERMAN and ADRIANNE MOORE to cease and desist from interfering with the civil rights of any person, or the attempts of any person to advance, secure, or enforce their civil rights.

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this Court for each incident and/or act of deterrence pled herein;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Dated: February 22, 2018

THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: /s/ Thomas E. Frankovich
Thomas E. Frankovich
Attorney for Plaintiff JEANETTE BROWN

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: February 22, 2018

THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By: /s/ Thomas E. Frankovich
Thomas E. Frankovich
Attorney for Plaintiff JEANETTE BROWN